UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA          :
                                  :
                                  :
                                  :
                                  :
v.                                :       Case No.:      8:15-CR-276-T-36-TGW
                                  :
                                  :
                                  :
                                  :
JOSE ANTONIO PAREDES MEJIA:
_____/

**DEFENDANT JOSE ANTONIO PAREDES MEJIA'S**
**SENTENCING MEMORANDUM**

COMES NOW, the undersigned counsel, on behalf of the Defendant, JOSE ANTONIO PAREDES MEJIA, and files this his sentencing memorandum and in support states as follows:

I.  SENTENCING POSITION

At sentencing the issue before this Honorable Court is whether the Defendant should receive a prison sentence within the advisory federal guideline range of 135 months to 168 months in federal prison. Given the totality of the circumstances of this case and the Defendant's life, the Defendant respectfully submits this sentencing range is not a reasonable sentence and requests a sentence of 120 months.

II. PRE-SENTENCE INVESTIGATION REPORT

The Defendant has no objections to the factual accuracy of the Presentence Investigation Report.

The Defendant has no objections to the legal accuracy of the Presentence Investigation Report.

III.  TITLE 18 UNITED STATES CODE 3553(a)

The Defendant is fully aware this Honorable Court understands the law regarding the discretion it has at federal sentencings based upon the advisory nature of the federal sentencing guidelines. Yet, it has become nearly automatic at a federal sentencing that a district court judge will be told by defense counsel, or even in some instances by a government prosecutor, that he or she must impose a sentence that is sufficient but not greater than necessary to fulfill the lawful purposes of sentencing. But what exactly does the legal phrase "but not greater than necessary to fulfill the lawful purposes of sentencing" *actually mean* for a federal defendant who stands before a district court judge at sentencing awaiting his or her fate? And more importantly what does it mean to the federal district court jurist who must impose sentence on that very same federal defendant?

Undersigned counsel posits that it simply and clearly means that a district court judge must impose the lowest permissible sentence allowed by law.

As noted above, this Defendant is well aware this Honorable Court knows better than he that the factors set forth in 18 United States Code Section 3553(a)(1), (2), (3), (6), (7) are on equal footing with the advisory federal sentencing guideline range in fashioning a reasonable but not greater than necessary sentence under the law. For the purpose of the record in this case only, these sections require that the sentence of a federal defendant reflect:

1. The nature and circumstances of the offense and the history and characteristics of the defendant; 18 United States Code Section 3553(a)(1)

2. The need for the sentence imposed, 18 United States Code Section 3553(a)(2)

      a.      to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.

      b.      to afford adequate deterrence to criminal conduct.

      c.      to protect the public from further crimes of the defendant.

      d.      to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

3. The kinds of sentences available; 18 United States Code Section 3553(a)(3).

4. The need to avoid unwarranted disparity among defendants with similar records and similar crimes; 18 United States Code Section 3553(a)(6).

5. The need to provide restitution to any victims of the offense. 18 United States Code Section 3553(a)(7).

IV. APPLICATION OF TITLE 18 UNITED STATES CODE 3553(a) TO THE DEFENDANT

*History and Characteristics*

The history and characteristics of the Defendant are unique. The Defendant has a third grade education and four children. He was offered what seemed like an ungodly amount of money and he took it. It was wrong but to characterize the Defendant has a drug trafficker in the sense we understand it in America is misleading at best.

*Kind of Sentences Available, Respect for the law, Just Punishment, Deterrence, and Protecting the Public*

There is a minimum mandatory sentence of 120 months in this case. The Defendant requests a sentence of 120 months. There is little reason to believe the Defendant is a threat to the public. He will have little incentive to do this again in the future now knowing the outcome. And the idea that these boat sentences deter anyone at this point is not based in fact.

*Collateral Consequences of Conviction*

At the conclusion of the Defendant's sentence he will be taken into immigration custody and deported to Ecuador.

## **CONCLUSION**

WHEREFORE, the Defendant, JOSE ANTONIO PAREDES MEJIA, by and through the undersigned counsel respectfully requests this Honorable Court grant the stated relief and/or any other relief this Honorable Court deems appropriate.

    Respectfully submitted,

    By: /s/ Mark J. O'Brien
    Mark J. O'Brien, Esquire
    Florida Bar No.: 0160210
    Bayshore Center
    511 West Bay Street
    Third Floor - Suite 330
    Tampa, Florida 33606
    Direct:    (813) 228-6989
    Email: mjo@markjobrien.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on December 30, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will then send notice of electronic filing to all counsel of record.

By: /s/ Mark J. O'Brien