UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:15-cr-276-CEH-TGW

JOSE ANTONIO PAREDES MEJIA
_____/

## **O R D E R**

This matter comes before the Court on the Defendant's "Motion to Compel the Government to Adhere the Cooperation Agreement and File Rule 35 Motion for Petitioner's Substantial Assistance in the Prosecution of Others" (Doc. 171). In the motion, Defendant requests the Court compel the Government to file a Rule 35 motion for the assistance he provided in identifying and agreeing to provide testimony against Robert Balencia, the captain of the submergible, and his nephew Cesar Balencia. The Government filed a response in opposition stating the court reduced Defendant's term of imprisonment pursuant to Fed. R. Crim. P. 35(b) on August 15, 2019, and since that time there has been no further assistance (Doc. 172). Also pending are Defendant's motion requesting the status of his motion to compel a Rule 35 motion (Doc. 173) and another motion to compel the Government to file a Rule 35 motion (Doc. 175).[1] The Court, having considered the motions and being fully advised in the premises, will grant Defendant's request for a status and deny Defendant's motions to compel the Government to file a Rule 35 motion.

---

[1] The motion at Doc. 175 appears to be nearly duplicative of the motion at Doc. 171.

## I. STATEMENT OF FACTS

Defendant Jose Antonio Paredes Mejia pleaded guilty to Count I of the indictment which charged him with conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. Docs. 1, 36, 41, 64. Defendant was sentenced to a term of incarceration of 125 months (10 years, 5 months) on January 29, 2016. Doc. 90. On August 15, 2019, the Court granted the Government's motion for a reduction in sentence pursuant to Fed. R. Crim P. 35 based on the Defendant's substantial assistance. Doc. 166. The Court reduced Defendant's sentence to 97 months' imprisonment. *Id.* An Amended Criminal Judgment was entered on the same date. Doc. 167.

## II. LEGAL STANDARD

In pertinent part, Federal Rule of Criminal Procedure 35(b) states:

(b) Reducing a Sentence for Substantial Assistance.

> (1) In General. Upon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person.
> (2) Later Motion. Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:
>> (A) information not known to the defendant until one year or more after sentencing;
>> (B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or
>> (C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its

usefulness was reasonably apparent to the defendant.

Fed. R. Crim. P. 35(b).

## III. DISCUSSION

"'Federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive,' like 'race or religion.'" *United States v. Dorsey*, 554 F.3d 958, 961 (11th Cir. 2009) (quoting *Wade v. U.S.*, 504 U.S. 181, 185–86 (1992)). Moreover, the Government has "a power, not a duty, to file a motion when a defendant has substantially assisted." *Wade*, 504 U.S. at 185. However, "a prosecutor's discretion when exercising that power is subject to constitutional limitations that district courts can enforce." *Wade*, 504 U.S. at 185-86. Nonetheless, "a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive." *Wade*, 504 U.S at 186 (citation omitted). However, "judicial review is appropriate when there is an allegation and a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation." *United States v. Forney*, 9 F.3d 1492, 1502-1503 (11th Cir. 1993) (citing *Wade*, 504 U.S. at 185-186) (emphasis in original).

Here, Defendant seeks a post-sentence reduction because he provided information which he claims led to the arrest of others. Moreover, Defendant argues that he fully cooperated with authorities. In response, the Government acknowledges

3

that Defendant has provided assistance but submits he has already received credit for his cooperation by way of a downward departure on August 15, 2019. The Government states no further cooperation has been provided, and thus it does not intend to file another Rule 35 motion.

As discussed above, Defendant has already received a reduction in his sentence and credit for his cooperation. Defendant does not offer evidence that the cooperation is ongoing or that any further assistance was provided to support a further reduction in his sentence. Moreover, Defendant has not alleged and provided a substantial showing that the Government's refusal to file another Rule 35 substantial assistance motion is based on a constitutionally impermissible motive. Accordingly, Defendant's motions to compel the Government to file a Rule 35 motion are due to be denied.

Accordingly, it is hereby:

**ORDERED:**

1. Defendant's Motion to Compel the Government to Adhere the Cooperation Agreement and File Rule 35 Motion for Petitioner's Substantial Assistance in the Prosecution of Others (Doc. 171) is **DENIED**.

2. Defendant's motion (Doc. 173) requesting a status on his motion is **GRANTED** to the extent this Order serves to advise Defendant that his motions to compel are denied.

3. Defendant's Motion to Compel the Government to Adhere the Cooperation Agreement and File Rule 35 Motion for Petitioner's Substantial Assistance in the Prosecution of Others (Doc. 175) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on May 14, 2021.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any